The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTENSEN SHIPYARDS, LTD., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a foreign corporation; and NAVIGATORS INSURANCE COMPANY, a foreign corporation,<br><br>Defendants. | NO. CV6-641-C<br><br>DECLARATION OF MICHAEL WAMPOLD IN SUPPORT OF CHRISTENSEN'S OPPOSITION TO NAVIGATORS' OLYMPIC STEAMSHIP MOTION |

Michael Wampold declares as follows:

1. I was one of the litigation attorneys for defendant Christensen Shipyard Ltd. ("Christensen") in a lawsuit filed in United States Federal District Court in the Southern District of Florida, Cause No. 04-61432 ("the underlying lawsuit"). I make this declaration on the basis of personal knowledge and am competent to testify to the matters herein.

2. Early on in the underlying lawsuit, Christensen's corporate counsel, Philip "Casey" Marshall advised me that Navigators Insurance Company ("Navigators") wanted Christensen to direct all communication to it through St. Paul Fire and Marine Insurance

DECLARATION OF MICHAEL WAMPOLD IN SUPPORT
OF CHRISTENSEN'S OPPOSITION TO NAVIGATORS'
OLYMPIC STEAMSHIP MOTION - 1

CV6-641-C
10650-027856 122729

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Company's ("St. Paul") Donna Zeller. It was my understanding that Ms. Zeller had agreed to convey to Navigators all the information we provided Ms. Zeller (and through Ms. Zeller, both insurers) to Navigators.

3. As directed by Navigators, I kept Christensen's insurers apprised of the developments and requirements of the underlying litigation through Ms. Zeller. It is my understanding that Christensen's corporate counsel did the same.

4. At no time did Navigators ever instruct me - or, to my knowledge, my client, Christensen, or its corporate counsel - to disregard the communication protocols that I was advised Navigators outlined and required. It did not ever ask me to communicate with it directly. Nor did it ever give me any indication that it was not receiving information concerning the underlying lawsuit or the underlying lawsuit's developments or requirements.. We continued to operate in accordance with those protocols until the coverage litigation began.

5. Prior to the mediation, I spoke with Donna Zeller about the requirement that the insurers be physically present at the mediation with full authority to settle. I advised her that the requirement was set forth in local rule 16.2(E) of the United States District Court for the Southern District of Florida. Based upon my understanding of Navigators' communication protocols, it is my belief that I had effectively informed both insurers of this requirement. I had conveyed the information in the manner required by Navigators.

6. Ms. Zeller advised me that she was unable to attend in person due to medical reasons, so she would send someone else from St. Paul in her stead. Based upon a subsequent email, it is my understanding that she sent Bruce Wade. *See Dkt. No. 15, Ex. 7 at Ex. 3.*

7. Christensen did not settle the case on the day of the mediation. Christensen did not execute a settlement agreement with the underlying plaintiffs until <u>after</u> its insurers refused to

DECLARATION OF MICHAEL WAMPOLD IN SUPPORT
OF CHRISTENSEN'S OPPOSITION TO NAVIGATORS'
OLYMPIC STEAMSHIP MOTION - 2

CV6-641-C
10650-027658 122729

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1  fund any portion of the settlement. Prior to that, Christensen merely agreed to settle the case

2  provisionally, contingent upon the insurers' agreement to fund the settlement.

3      8.    Navigators never advised Christensen, prior to the settlement, that it would not

4  cover the claims Christensen tendered concerning the underlying lawsuit.

5  **I CERTIFY under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.**

7  DATED this 19th day of November, 2006 in Seattle, Washington.

*/s/ Michael Wampold*
Michael Wampold

---

DECLARATION OF MICHAEL WAMPOLD IN SUPPORT
OF CHRISTENSEN'S OPPOSITION TO NAVIGATORS'
OLYMPIC STEAMSHIP MOTION - 3

CV6-641-C
10650-027856  122729

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Certificate of Service

I certify that on the date noted below I electronically filed this document entitled DECLARATION OF MICHAEL WAMPOLD IN SUPPORT OF CHRISTENSEN'S OPPOSITION TO NAVIGATORS' OLYMPIC STEAMSHIP MOTION with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

Charles C. Huber
huberC@lanepowell.com
Lane Powell, PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
(206) 223-7000
FAX: (206) 223-7107
*Attorneys for Defendant St. Paul Fire and Marine Ins. Co.*

Daniel F. Knox, 78278
dknox@schwabe.com
Schwabe, Williamson & Wyatt
1211 SW Fifth, Suite 1500
Portland, OR 97204-3795
(503) 222-9981
FAX: (503) 796-2900
*Attorneys for Defendant Navigators Insurance Company*

Bert W. Markovich, 13580
bmarkovich@schwabe.com
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, WA 98101-2339
(206) 622-1711
FAX: (206) 292-0460
*Attorneys for Defendant Navigators Insurance Company*

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:

[ ] Via Facsimile
[ ] Via First Class Mail
[ ] Via Messenger

DATED this 20th day of Nov., 2006, at Seattle, Washington.

/s/ J. William Ashbaugh via ECF

DECLARATION OF MICHAEL WAMPOLD IN SUPPORT OF CHRISTENSEN'S OPPOSITION TO NAVIGATORS' OLYMPIC STEAMSHIP MOTION - 4

CV6-641-C
10650-027656 122729

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885