UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTENSEN SHIPYARDS, LTD., a
Washington corporation,

               Plaintiff,

          v.

ST. PAUL FIRE & MARINE INSURANCE
CO., a foreign corporation; and NAVIGATORS
INSURANCE CO., a foreign corporation,

               Defendants.

CASE NO. C06-0641-JCC

ORDER

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 21), Defendants' oppositions (Dkt. Nos. 23, 26), and Plaintiff's Reply thereto (Dkt. No. 29). Having considered the relevant papers submitted by the parties on these cross-motions and finding oral argument unnecessary, the Court finds and rules as follows.

**I.    BACKGROUND AND FACTS**

In what will be referred to as the "Underlying Litigation," Plaintiff was sued in the Southern District of Florida for allegedly failing to comply with a contractual confidentiality agreement. Plaintiff had previously purchased insurance from both of the Defendants in this matter. Defendant St. Paul was the primary insurer and Defendant Navigators provided supplemental insurance for Plaintiff. Both

ORDER – 1

contracts contained a cooperation clause in which Plaintiff agreed that it would, among other things, not make any settlement payments without prior approval of the insurance.

When informed about the Underlying Litigation, Defendants issued a "reservation of rights" letter to Plaintiff. This letter stated that Defendants agreed to defend the lawsuit against Plaintiff in the Underlying Litigation but that they reserved the right to decline coverage under the policy. (Decl. of Donna Zeller 2 (Dkt. No. 24).) Subsequently, Plaintiff ultimately settled the Underlying Litigation without Defendants consent. (*Id.* at 4.)

In the present matter, Plaintiff is suing defendants for breach of contract and a number of other related claims regarding Defendants' denial of coverage. (Compl. 6-10 (Dkt. No. 1).) Plaintiff now moves for partial summary judgment that Christensen's settlement did not constitute a breach of contract as a matter of law. (Pl.'s Mot. 2.)

**II.   STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure states that a party is entitled to summary judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The moving party bears the burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue

ORDER – 2

for trial. *Anderson*, 477 U.S. at 250.

**III.   ANALYSIS**

The Plaintiff requests that the court find as a matter of law that Plaintiff was entitled under the contract to settle the Underlying Litigation without Defendants' consent because the defense provided by Defendants was subject to a reservation of rights. It argues that this result follows from the fact that insured parties are categorically entitled to "settle the claim independently, immediately, and without any direct notice to the insurer" when defending subject to a reservation of rights agreement (Pl's Mot. for Partial Summ. J. 7-8 (Dkt. No 21).) This sweeping statement is not supported by Washington case law.

"When an insurer refuses to settle a claim, the insured may negotiate a settlement on its own and then seek reimbursement from the insurer. However, the insurer is liable only for the amount of the settlement that is reasonable and paid in good faith." *Chaussee v. Maryland Cas. Co.*, 803 P.2d 1339, 1342 (Wash. Ct. App. 1991).

In a reservation of right context, the insurer is not saying outright that it refuses to pay the claim, but rather that it might not pay the claim. Recognizing that the insureds and insurers might have different incentives regarding settlement negotiations with the third party once there is a reservation of rights, the Washington Supreme Court held that "an insurance company must fulfill an enhanced obligation to its insured as part of its duty of good faith" in such contexts. *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1137 (Wash. 1986). Thus, insurance companies must thoroughly investigate the claim, retain competent defense counsel, and fully inform the insured of all developments relevant to the lawsuit. *Id.* at 1137.

This elevated duty on behalf of the insurers does not mean, however, that the insureds are relieved of the contractual duties to which they agreed merely because of the existence of a reservation of rights. Provided that an insurer complies with its contractual obligations—including its elevated duty of good faith under Washington law—the insurer should be able to obtain the benefit of the contract that it negotiated. Here, the parties negotiated a cooperation clause in which Plaintiff agreed not to settle any

ORDER – 3

claims on its own. Accordingly, Defendants should generally be able to enforce this provision of the agreement provided that they have fulfilled their contractual obligations, and the mere existence of a reservation of rights does not change this result.

While there are some circumstances in which the insured may settle a claim without notifying the insurer and still be entitled to payment despite a cooperation clause, in all such circumstances the insured must make some additional showing before doing so. For example, even when the insured violates a noncooperation clause in a reservation of rights context, the insurer may nevertheless have a duty to pay the claim when the insurer has not been actually prejudiced by the settlement. *See Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co.*, 881 P.2d 1020, 1028-29 (Wash. 1994). Likewise, where an insurer in bad faith refuses to agree to a settlement and the insured settles without the insurer's consent, the insured is entitle to recover for the reasonable amount paid in good faith despite the existence of a cooperation clause. *Evans v. Cont'l Cas. Co.*, 245 P.2d 470, 479 (Wash. 1952). These limited circumstances, however, do not amount to the type of categorical rule proposed by Plaintiff in this matter, which would always allow insureds to settle on their own when confronted with a reservation of rights.

Accordingly, Plaintiff is incorrect that it was entitled to settle the lawsuit as a matter of law merely because of the existence of a reservation of rights, and thus its motion for partial summary judgment on that issue must be denied.

**IV.  CONCLUSION**

Plaintiff's Motion for Partial Summary Judgment is hereby DENIED. Defendant St. Paul's motion for a continuance under Federal Rule 56(f) in order to respond to Plaintiff's motion (Def. St. Paul's Opp'n 7-8) is hereby STRICKEN AS MOOT.

SO ORDERED this 19th day of December, 2006.

John C. Coughenour
United States District Judge

ORDER – 4