The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

**CHRISTENSEN SHIPYARDS, LTD., a Washington corporation,**

Plaintiff,

vs.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *et al.,***

Defendants.

**FILED UNDER SEAL**

**Case No.: CV6-641-C**

**MOTION TO INTERVENE AND FOR PROTECTIVE ORDER**

**Note on Motion Calendar:**
**Friday, January 5, 2007**

16

17

18

19

Privacy Ltd. and ETW Corporation ("Intervenors") seek intervention into this action for the purpose of seeking a protective order prohibiting discovery of their highly confidential information and otherwise protecting such information from public disclosure.

20

### I.   INTRODUCTION

21

22

23

24

25

Intervenors have a right to intervene in this action to protect their highly confidential information from being disclosed in response to Defendants' discovery requests to Christensen. Defendants seek the production of every single document produced in, created in, or otherwise relating to the underlying lawsuit between Privacy Ltd., Eldrick Tiger Woods and Elin Woods

**ORIGINAL**

and Christensen ("Underlying Lawsuit").[1]  The sea of documents encompassed by the requests includes privileged information and other materials that cannot possibly be relevant to this insurance coverage dispute.   Indeed, the only conceivable reason Defendants seeks these documents is to re-litigate the Underlying Lawsuit and second guess the discretionary judgment of Christensen's experienced counsel in settling that action.  The Ninth Circuit, however, has made it crystal clear that an insurance coverage dispute is not an opportunity to re-litigate every issue raised in the underlying dispute, and insurance carriers have no right to burden a party much less non-parties as here – with overbroad discovery aimed at re-litigating the underlying lawsuit.

Moreover, the tangential relevance of *some* of the materials Defendants seeks pales in comparison to the extraordinary harm producing the discovery will impose on Intervenors.  If the discovery requests are allowed to stand, non-parties to this case will be forced to reveal extremely confidential documents, including, but not limited to, expressly confidential product endorsement contracts, private financial documents and testimony, and completely private facts about the Woodses.  This gross invasion of the Woodses' privacy is entirely unnecessary, as there are many less intrusive means for Defendants to explore the legitimate issues to this coverage dispute.       Accordingly, the Court should enter an order protecting their highly confidential information from disclosure.

---

[1] Privacy Ltd. purchased a yacht from Christensen, and is the party to that contract.  ETW Corporation, although not a party to the Underlying Lawsuit, is an express party to many of the documents at issue.  Mr. Woods owns 100% of the shares of ETW Corporation and a controlling interest in Privacy Ltd.

Motion to Intervene   - 2 -
CV6-641-C

## II.     STATEMENT OF FACTS

### A.     The Underlying Lawsuit

On October 31, 2004, Privacy Ltd. and the Woodses filed the Underlying Lawsuit, alleging claims against Christensen for breach of contract and violation of the plaintiffs' privacy and publicity rights. The Underlying Lawsuit alleged Christensen's unauthorized use of the plaintiffs' celebrity status to promote Christensen's products. Plaintiffs claimed damages that could reasonably exceed $50,000,000. (*See* Ex. A to the Declaration of J. Douglas Baldridge, Complaint filed in *Woods v. Christensen, et al.*, Civ. Action No. 04-61432.)

In the Underlying Lawsuit, plaintiffs produced highly confidential documents[2] pursuant to a stringent protective order. (Ex. B to Baldridge Decl., 1/4/06 Order.) That order governed the production and handling of all documents and other materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." (*Id.* at 1-2.)[3]

Pursuant to the protective order, "Confidential" documents can only be disclosed to the court (under seal) in the Underlying Lawsuit, the parties' respective outside counsel (including support staff), four of Christensen's in-house corporate representatives, certain witnesses, and people in certain administrative roles (*e.g.*, stenographers, etc.). (*Id.* at 8.) Disclosure of "Highly Confidential – Attorneys' Eyes Only" material is *further* restricted in that it cannot be shared with any in-house business representatives of the parties. (*Id.* at 8-9.) The protective order

---

[2] Plaintiffs' "confidential" and "highly confidential" documents include, but are not limited to, Plaintiffs' deposition testimony, expressly confidential contracts under which one of the Plaintiffs endorses certain products, correspondence with Christensen about the yacht, and the expressly confidential contract for purchase of the yacht. (*See* Baldridge Decl. ¶ 6.)

[3] "Confidential" information is defined as "proprietary" information that is not generally known and/or which the party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, but not limited to "personal information which is not generally known and/or which the party would not normally reveal to third parties or would cause third parties to maintain in confidence." (*Id.* at 3.) "Highly Confidential – Attorneys' Eyes Only" information is defined as "especially sensitive and proprietary protect material." (*Id.* at 8.)

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1  specifically provides that "Confidential" and "Highly Confidential – Attorneys' Eyes Only"
2  materials shall not be made public by counsel or persons entitled to access.

3      Importantly, the restrictions of the protective order survive the termination of the
4  Underlying Lawsuit. (*Id.* at 9, 11.) In addition, paragraph 19 of the protective order required
5  the parties to either return to the producing party or destroy all materials designated as
6  "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the conclusion of the
7  litigation.[4] (*Id.*)
8

9      After the close of hard-fought discovery, and with cross-motions for summary judgment
10 pending, the parties went to mediation on April 24, 2006. After a day of mediation, the
11 Underlying Lawsuit settled for an undisclosed amount, but for far less than the $50,000,000 in
12 damages claimed by the plaintiffs. It is undisputable that all parties to the Underlying Lawsuit
13 acknowledged risks associated with proceeding to trial before a jury, and that the terms of the
14 settlement were reasonable to account for such risks. Intervenors will not describe in further
15 detail the settlement agreement because the agreement itself is expressly confidential.

16     **B.    The Instant Action**

17     The Instant Action was filed shortly after the Underlying Lawsuit was settled. In this
18 action, Plaintiff Christensen accuses Defendants of bad faith in refusing to pay for the settlement
19 of the Underlying Lawsuit. Central to Christensen's claims is the conduct of St. Paul on the day
20 of the mediation and its failure to fund the settlement. (Compl. §§ 14-16.) Equally important,
21
22 Christensen alleges St. Paul committed the tort of disclosure of private facts when it filed its own
23 declaratory judgment action against Christensen in which St. Paul allegedly revealed the terms of
24 the settlement agreement, including the names of the plaintiffs, and issued a press release about
25

[4] Intervenors do not know the extent to which Christensen has complied with this provision.
Motion to Intervene  - 4 -
CV6-641-C

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

the declaratory judgment action, in which it identified the plaintiffs and the terms of the settlement agreement. (Compl. § 20.)

Discovery recently commenced and both Defendants have served Christensen with extremely overbroad discovery requests. (*See* Decl. of Heather L. Carr in Supp. of Christensen's Mot. for a Protective Order, ¶ 3, and supporting exhibits thereto.) These Requests ask for every document produced in the Underlying Lawsuit as well as any document, including privileged documents, that "concern[], regard[], pertain[] to, discuss[] or evidence[] the Underlying Lawsuit." (*E.g.*, St. Paul Req. No. 8, attached to Carr Decl.) Christensen has objected to these Requests on the grounds that they are overly broad, seek information protected by the protective order in the Underlying Action, and seek information protected by the attorney-client and attorney-work product privileges. (*See* Carr Decl.) On December 13, 2006 Christensen filed a Motion for Protective Order against the discovery on these same grounds. (*See* Christensen's Mot.)

In the meantime, St. Paul has also pursued discovery of the same documents from third-parties, including outside counsel for both the Plaintiffs and Defendants in the Underlying Lawsuit.  (*See, e.g.*, Ex. C to Baldridge Decl., Req. No. 4 ("All documents concerning, regarding, pertaining to, discussing or evidencing the Underlying Litigation").)[5]  Given the current status of this action, Intervenors were forced to file this Motion to preserve the confidentiality of their highly confidential information.

---

[5] St. Paul served the same subpoena on Benedict Kuehne (Plaintiffs' local counsel in the Underlying Lawsuit), Michael Wampold, Philip Casey Marshall and David Friedland (all counsel for Christensen in the Underlying Lawsuit). By filing this Motion, neither Mr. Baldridge nor Mr. Kuehne (nor the parties they represent) waive any objections to the subpoenas. Messrs. Baldridge and Kuehne will respond and object to the subpoenas within the timeframe and in the manner proscribed by Rule 45 of the Federal Rules.

Motion to Intervene   - 5 -
CV6-641-C

## III. LEGAL AUTHORITY AND ANALYSIS

### A.   Intervenors Are Entitled to Intervene In This Action As A Matter Of Right

Federal Rule of Civil Procedure 24(a) sets forth four criteria that must be satisfied for a party to intervene in an action as a matter of right:

> (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 817-18 (9th Cir. 2001) (citing *Northwest Forest Resource Council ("NFRC") v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). Rule 24(a) is construed "liberally in favor of potential intervenors." *Id.* Here, there can be no dispute that Intervenors meet all of the requirements for Rule 24(a) intervention as a matter of right.

First, Intervenors have timely sought to intervene. *United States v. Killingsworth*, 25 F.3d 715, 719 (9th Cir. 1994) ("In determining whether the motion was timely, we consider three factors:   (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of the delay."). This action is in the early stages of discovery, there will be no prejudice whatsoever to the other parties if intervention is permitted, and there has been no delay in the filing of this motion to intervene. In fact, Intervenors' motion has been filed within days of Christensen's own motion for protective order governing the same information.

Second, Intervenors unquestionably have a "significantly protectable interest relating to the transaction that is the subject of this action." *Southwest Ctr.*, 268 F.3d at 817-18.

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1  Intervenors have an interest in maintaining the confidentiality of both the terms of a settlement
2  agreement and their highly confidential documents which were produced during discovery in the
3  Underlying Litigation.    Thus, "they have a legally cognizable interest in maintaining the
4  confidentiality of the documents" Defendants seek to discover. *In re Sealed Case 00-5116*, 237
5  F.3d 657, 663-64 (D.C. Cir. 2001).

6  Indeed, where a non-party seeks to intervene in an action for the limited purpose of
7  protecting its highly confidential and proprietary information from discovery, courts have
8  routinely permitted them to intervene. For example, in *Western Resources, Inc. v. Union Pacific*
9  *Railroad Co.*, movants sought to intervene for the limited purpose of filing a motion for a
10  protective order that would govern the disclosure of private, confidential contracts responsive to
11  one of plaintiff's requests for production of documents.    *Western Resources, Inc. v. Union*
12  *Pacific Railroad Co.*, 2002 U.S. Dist. LEXIS 1009 (D. Kans. Jan. 21, 2002). The District Court
13  granted the motion to intervene for this limited purpose. *See id.* at *10.; *see also Northrop*
14  *Grumman Info. Tech., Inc. v. United States*, 2006 U.S. Claims LEXIS 336 at *22 (Ct. Cl. Nov. 7,
15  2006) ("trade secrets and proprietary information are the very type of interest the protection of
16  which justifies intervention under Rule 24(a)"); *In re Sealed Case 00-5116*, 237 F.3d at 663-64
17  (holding district court erred in denying motion to intervene for the purpose of preventing
18  disclosure of confidential documents); *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52 (9th Cir.
19  1960) (holding district court erred in denying motion to intervene on the ground that movant's
20  property would be destroyed by the disclosure of its trade secret in response to a discovery
21  request). Intervenors -- as the owners of the subject information    must be allowed to protect
22  their interests.

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1    Third, if Intervenors are not permitted to intervene, the resolution of this action will
2    adversely impede their ability to protect their interests. This Court has been charged with the
3    task of determining whether Christensen must produce *Intervenors' highly confidential*
4    *information.* "'[A]s a practical matter,'" [Intervenors'] ability to protect their confidentiality
5    would be irrevocably impaired" if they are not permitted to intervene. *In re Sealed Case 00-*
6    *5116*, 237 F.3d at 664 (citation omitted). Further, if the Court denies Christensen's motion and
7    requires production of Intervenors' information, "'the cat is out of the bag, '" and the
8    "confidentiality would be forever lost." *Id. See also Southwest Ctr. For Biological Diversity*,
9    268 F.3d at 822 ("'if an absentee would be substantially affected in a practical sense by the
10   determination made in an action, he should, as a general rule, be entitled to intervene'").

11
12    Fourth, Intervenors' interests are not adequately protected by the existing parties to the
13   lawsuit. In making this determination, courts consider: (1) whether the interest of a party is such
14   that it will undoubtedly make all the intervenor's arguments; (2) whether a party is capable and
15   willing to make such arguments; and (3) whether the would-be intervenor would offer any
16   necessary elements to the proceedings that other parties would neglect. *Southwest Ctr. For*
17   *Biological Diversity*, 268 F.3d at 817-18 (citations omitted). The burden on a would-be
18   intervenor is "'minimal,' and the applicant need only show that representation of its interests by
19   existing parties 'may be' inadequate." *Id.* at 823 (citing *Trbovich v. United Mine Workers*, 404
20   U.S. 528, 538 n. 10 (1972). Here, Christensen objects to producing Intervenors' information
21   because Christensen would be in breach of the protective order and the settlement agreement if it
22   produces the requested information. (*See* Christensen's Mot. at 4-6 and 8-10.) However,
23   Christensen has not made all of Intervenors' arguments, nor could it, because Christensen does
24   not have the same knowledge of and incentive to protect Intervenors' interests. It is Intervenors

Motion to Intervene   - 8 -
CV6-641-C

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1   who are uniquely situated to explain to this Court why the information must remain confidential.

2   *See Western Resources*, 2002 U.S. Dist. LEXIS at *13 ("Movants' interest in protecting the

3   alleged confidential contracts from disclosure is not sufficiently protected by Defendants'

4   interest in keeping the contracts confidential").[6]

## B.   The Court Should Protect Intervenors Confidential Information From Discovery

7   Defendants have served grossly overbroad discovery requests that seek every single

8   document related to the Underlying Lawsuit, including every document Intervenors produced in

9   the Underlying Lawsuit and attorney-work product and privileged communications relating to

10  those documents. (*See, e.g.*, Req. No. 8 attached to Carr Decl.) Defendants have issued

11  subpoenas *duces tecum* upon counsel in the Underlying Action seeking the same documents.

12  (*See, e.g.*, Ex. C to Baldridge Decl., Req. 4.) There is no basis upon which to require Intervenors

13  to produce all such documents. Instead, good cause exists for the Court to enter a protective

14  order prohibiting the disclosure of Intervenors' highly confidential information. FED. R. CIV. P.

15
16  26(b)(2)(iii) (court may limit discovery if the burden of the proposed discovery outweighs its

17  benefit); FED. R. CIV. P. 26(c) (protective order proper where good cause is shown and the order,

18  which justice requires, protects a party or person from annoyance, embarrassment, oppression, or

19  undue burden).

20  First, the Instant Action is an insurance coverage dispute between Christensen and its

21  insurance providers. At issue here is whether the insurance providers acted in bad faith in

22  denying Christensen's claim for coverage of the amount paid to settle and related costs of the

23  Underlying Lawsuit. In such a dispute, it is highly improper for the parties to relitigate the

24

25  [6] Alternatively, the same facts compel this Court to grant Intervenors "permissive intervention." FED. R. CIV. P. 24(b)(2).

Motion to Intervene   - 9 -
CV6-641-C

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1   underlying claims and issues. *See Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1432

2   (9th Cir. 1995) (affirming district court's denial of discovery in part because "after a settlement,

3   'the court is not required to resolve all fact and legal issues in the underlying case, but simply to

4   determine what reasonable allocations should have been made [by the parties], considering

5   uncertainties in both fact and law known at the time of the settlement'" (citations omitted));

6   *BASF AG v. Great American Assurance Co.*, 2005 U.S. Dist. LEXIS 34139 at *7 (N.D. Ill.

7   Dec. 16, 2005) (denying carriers' request for all documents produced in underlying dispute

8   because "[d]efendants are not permitted to re-litigate every fact in the underlying case and are

9   not entitled to engage in a fishing expedition in the document repository"). There is no reason

10  why Defendants need every single document, including deposition testimony about private facts,

11  confidential product endorsement contracts, and correspondence about the yacht, to assess and

12  defend this insurance coverage dispute. The simple over-breadth of the requests, alone, warrants

13  entry of a protective order prohibiting this discovery.

14

15  Second, when asked to state the basis for his position as to how the requested documents

16  were relevant to this action, St. Paul's attorney stated only that the insurance company is seeking

17  information as to what transpired at the April 24 mediation. (*See* Baldridge Decl. ¶ 9.) Many, if

18  not all, of the highly confidential documents produced by plaintiffs in the Underlying Lawsuit,

19  such as deposition testimony and endorsement contracts, have nothing whatsoever to do with this

20  issue. Tellingly, St. Paul's counsel has agreed to hold in abeyance that portion of the subpoena

21  to Intervenors' counsel that seeks the endorsement contracts.[7] (*Id.* ¶ 10.) St. Paul's willingness

22  to exclude these documents is further evidence that these highly confidential documents are not

23  relevant to this action.

24

25

_____

[7] St. Paul has not, however, agreed to release Christensen or any other subpoenaed party from doing so. (*Id.* ¶ 10.)

Motion to Intervene   - 10 -
CV6-641-C

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1    Third, there are less invasive means for Defendants to obtain the information they seek.

2    For instance, St. Paul has already subpoenaed outside counsel for Christensen and Privacy Ltd.

3    who participated in the mediation.   (*See, e.g.,* Ex. C to Baldridge Decl.)   Each of these

4    individuals, in addition to the mediator and the adjuster himself, can testify to what occurred at

5    the mediation.   Defendants should be required to pursue these less invasive means of discovery

6    before they can pursue discovery of Intervenors' highly confidential information. FED. R. CIV. P.

7    26(b)(2) (court may limit discovery that is "obtainable from some other source that is more

8    convenient, less burdensome, or less expensive").   Indeed, the burden on Defendants to do so is

9    minimal in comparison to the prejudice and burden that will be imposed on Intervenors, as well

10   as this Court, if Defendants are permitted access to the highly confidential documents now.   For

11

12   example, each of the endorsement contracts is subject to its own confidentiality restrictions.

13   Unless the protective order Intervenors seek is granted, each of the other parties to these

14   contracts will have to intervene in this action in order to protect their own interests.

15    Fourth, it cannot be overlooked that the Underlying Lawsuit was brought, in large part, to

16   protect the privacy rights of Mr. and Mrs. Woods.   For this reason, Plaintiffs in the Underlying

17   Lawsuit advocated for and obtained a protective order that strictly limited dissemination of their

18   highly confidential private and business information to outside counsel only.   (*See* Baldridge

19   Decl. ¶¶ 3-7 and Ex. B; *see also* Christensen's Mot. at 9:2-4 ("The underlying plaintiffs

20

21   vigorously fought to protect their privacy rights, not just by filing the underlying lawsuit, but by

22   seeking and obtaining significant protection from the court with respect to information

23   exchanged in the lawsuit").)   Forcing production in this lawsuit – without any restriction,

24   protective order, or justification – of the same information plaintiffs fought hard to protect in the

25

Motion to Intervene   - 11 -
CV6-641-C

1    Underlying Lawsuit, would not only be prejudicial to the Intervenors, but would undermine the

2    Florida protective order, as well.

3                    **IV.    ALTERNATIVELY, THE COURT SHOULD ENTER**
                             **A STRINGENT PROTECTIVE ORDER**
4

5          Alternatively, to the extent any information is ordered to be produced, it should be:

6    (a) subject to *in camera* review to determine relevance; and (b) if relevant, subject to an

7    "attorneys' eyes only" protective order providing for the confidentiality of the documents on

8    terms and conditions no less strict than those under which documents were produced in the

9    Underlying Lawsuit.[8]

10                        **V.  CONCLUSION AND PRAYER FOR RELIEF**

11         For the reasons set forth above, the Court should enter an order allowing Intervenors to

12   intervene in this action and should prohibit discovery of their highly confidential documents.

13         DATED this 20th day of December, 2006.

14

15                                    VENABLE LLP,

16                                    By: *[signature]*

17                                    J. Douglas Baldridge*        (per telephone authority)
                                      Danielle R. Foley*
18                                    VENABLE LLP
                                      575 7th Street, N.W.
19                                    Washington, D.C.  20004
                                      202-344-4000 Telephone
20                                    202-344-8300 Facsimile
                                      jdbaldridge@venable.com
21                                    drfoley@venable.com

22                                    *Counsel for Privacy Ltd. and ETW Corporation*

23
     _____
24
     [8] Prior to filing this Motion, counsel for Intervenors conferred in good faith with counsel for St. Paul in an effort to
25   resolve these issues, but they could not reach an accord.  To resolve *some* of the disputed issues, counsel for
     Intervenors has inquired whether St. Paul would consent to the entry of an attorneys' eyes only protective order, but
     has received no response as of the filing of this Motion.

     Motion to Intervene  - 12 -                                          VENABLE LLP
     CV6-641-C                                                          575 7th Street NW
                                                                     Washington, DC 20004-1601
                                                                     Telephone: 2023344.4343

1                                     \*Admitted *Pro Hac Vice Pending*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Motion to Intervene   - 13 -
CV6-641-C

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343

1

## CERTIFICATE OF SERVICE

2      I hereby certify that a copy of the foregoing was served this 20th day of December, 2006

3  by facsimile and by U.S. Mail in a sealed first class postage prepaid envelope addressed to:

4
5
6
7
8

A. Richard Dykstra
J. William Ashbaugh
Heather L. Carr
Stafford Frey Cooper, P.C.
601 Union Street, Suite 3100
Seattle, WA  98101
206-624-6885 Facsimile
*Attorneys for Plaintiff Christensen Shipyards, Ltd.*

9
10
11
12

Bert W. Markovich
Schwabe, Williamson & Wyatt
1420 Fifth Avenue, Suite 3010
Seattle, WA  98101-2339
206-292-0460 Facsimile
*Attorneys for Defendant Navigators Insurance Company*

13
14
15
16

Charles C. Huber
Lane Powell, PC
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101-2338
206-223-7107 Facsimile
*Attorneys for Defendant St. Paul Fire and Marine Ins. Co.*

17
18
19

Daniel F. Knox
Schwabe, Williamson & Wyatt
1211 SW Fifth, Suite 1900
Portland, OR  97204-3795
503-796-2900 Facsimile
*Attorneys for Defendant Navigators Insurance Company*

20
21
22
23

James W. Carbin
Duane Morris LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
973-424-2001 Facsimile
*Attorneys for Defendant St. Paul Fire and Marine Ins. Co.*

24

25

Emily Rayborn

Certificate of Service - 1 -
CV6-641-C

VENABLE LLP
575 7th Street NW
Washington, DC 20004-1601
Telephone: 2023344.4343