1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

CHRISTENSEN SHIPYARDS, LTD.,

11

Plaintiff,

v.

12

ST. PAUL FIRE & MARINE INSURANCE
CO., and NAVIGATORS INSURANCE CO.,

13

Defendant.

14

CASE NO. C06-0641-JCC

ORDER

15
16      This matter comes before the Court on the following motions to seal: Intervenors' Motion to File

17   under Seal their Motion to Intervene and for Protective Order (Dkt. No. 54); Intervenors' Motion to File

18   under Seal the Stipulated Motion for Extension of Time (Dkt. No. 70); Intervenors' Motion to File under

19   Seal their Reply to Defendants' Oppositions (Dkt. No. 78); Plaintiff's Motion to File under Seal its

20   Second Replies to Defendants' Second Oppositions to Plaintiff's Motion for Protective Order (Dkt. No.

21   89). Having carefully considered the relevant submissions and determined that oral argument is not

22   necessary, the Court hereby rules as follows:

23   **I.      ANALYSIS**

24      Under the Local Rules, the Court may order the sealing of any records if the moving party rebuts

25   the "strong presumption of public access to the court's files and records." *See* Local Rule CR 5(g)(1).

26   ORDER – 1

The presumption "may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." *Id.* The Court will address each motion to seal separately.

**A.     *Intervenors' Motion to File Under Seal Their Motion to Intervene and for Protective Order and All Supporting Documents***

Intervenors seek to protect from public view information designated as "highly confidential business and personal information." (Mot. 1-2.)

Although Intervenors allege that it was necessary for them to discuss confidential information and private facts in their motion to intervene and for protective order, the Court was unable, with one exception, to identify such information. The exception is the amount the parties in the Underlying Litigation settled for and is referenced in the Subpoena served by Defendant St. Paul Fire on J. Douglas Baldridge, counsel for Intervenors. (Baldridge Decl. Ex. C (Dkt. No. 58).)

By its own terms, the settlement agreement in the Underlying Litigation is confidential. (Mot. to Intervene 4.) Intervenors and Plaintiff's interest in having their confidentiality agreements enforced, and the Court's policy of promoting the resolution of disputes through settlement outweigh the public's right to access information regarding the settlement amount in the Underlying Litigation. However, because this piece of information is disclosed only once, sealing the entire motion to intervene and all the supporting documents is unnecessary. Instead, Intervenors are instructed to refile the Baldridge Declaration with the settlement amount redacted. The previous submitted document will remain sealed. The motion to seal is otherwise DENIED.

**B.     *Intervenors' Motion to File Under Seal the Stipulated Motion for Extension of Time***

Intervenors argue for leave to file the motion for extension of time under seal "because of the highly confidential information that is contained in Intervenors' Motion [to Intervene and for Protective Order] and because all related pleadings have been filed under Seal."(Mot. 2.) The Court found no such confidential information in the relevant submissions. The motion to seal is accordingly DENIED.

ORDER – 2

**C.** *Intervenors' Motion to File Under Seal their Reply to Defendants' Oppositions to Their Motion to Intervene and for Protective Order and All Supporting Documents*

The motion to seal and the reply both contain references to Intervenors' Motion to Intervene and for Protective Order and the allegation that Intervenors had to provide some confidential information and some private facts in support of that motion. (Mot. 2; Reply 3.) Similarly, Intervenors' Motion to File Redacted Contract, filed in the Underlying Litigation, discusses the need to redact information regarding sensitive contract information. (Reply Ex. A.) However, nowhere was such information provided in the Reply and the supporting documents, and the references by themselves do not contain the type of sensitive information in need of sealing. The motion to seal is accordingly DENIED.

**D.** *Plaintiff's Motion to File Under Seal Its Second Replies to Defendants' Second Oppositions to Plaintiff's Motion for Protective Order and All Supporting Documents*

Plaintiff requests leave to file under seal its Second Replies to Defendant Navigator's Second Opposition (Dkt. No. 83) and to Defendant St. Paul's Second Opposition (Dkt. No. 84), and the following supporting documents: Declaration of A. Richard Dykstra (Dkt. No. 85); Declaration of Michael Wampold (Dkt. No. 86); Declaration of Philip G. Marshall (Dkt. No. 87); Declaration of Heather L. Carr (Dkt. No. 88). With the exception of the Second Reply to Defendant Navigator's Second Opposition and the Dykstra Declaration, these documents contain sensitive information regarding the mediation proceedings (Second Reply to St. Paul's Opp'n 1-3; Marshall Decl. 2; Carr Decl. Ex. 1) and the settlement amount in the Underlying Litigation (Second Reply to St. Paul's Opp'n 1-3; Wampold Decl. 2; Marshall Decl. 2).

The settlement agreement in the Underlying Litigation is confidential. The mediation proceedings are also confidential. *See* S.D. Fla. L.R. 16.2.G.2. By protecting the confidentiality of the settlement amount and Plaintiff's attorney's mediation notes, the court promotes the public's trust in mediation as an effective means to solve disputes through alternative dispute resolution procedures. This policy outweighs the public's right to access the information regarding the mediation and the settlement amount in the Underlying Litigation.

ORDER – 3

1    Except Plaintiff's Second Reply to Defendant Navigator's Second Opposition and the Declaration

2    of A. Richard Dykstra, the documents will be therefore sealed.

3    **II.      CONCLUSION**

4    The various motions to seal are GRANTED IN PART and DENIED IN PART, as follows:

5    1.    Intervenors are ORDERED to refile the Baldridge Declaration with the settlement amount

6          in the Underlying Litigation redacted from the copy of the Subpoena served by Defendant

7          St. Paul Fire and Marine Insurance Co. on J. Douglas Baldridge. The Declaration of J.

8          Douglas Baldridge (Dkt. No. 58) shall remain sealed.

9    2.    Intervenors' Motion to File under Seal its Motion to Intervene and for Protective Order

10         (Dkt. No. 53), Intervenors' Motion to Intervene and for Protective Order (Dkt. No. 57),

11         Defendant Navigators Insurance Co.'s Opposition to Intervenors' Motion to Intervene

12         and for Protective Order (Dkt. No. 68), and Declaration of Noah Jarrett (Dkt. No. 69)

13         shall be UNSEALED.

14   2.    Intervenors' Stipulated Motion for Extension of Time and the proposed order (Dkt. No.

15         71) shall be UNSEALED.

16   3.    Intervenors' Reply to Defendants' Oppositions to their Motion to Intervene and for

17         Protective Order and the supporting materials (Dkt. No. 79) shall be UNSEALED.

18   4.    Plaintiff's Second Reply to Defendant St. Paul Fire and Marine Insurance Co.'s Second

19         Opposition (Dkt. No. 84), Declaration of Michael Wampold (Dkt. No. 86), Declaration of

20         Philip G. Marshall (Dkt. No. 87), and Declaration of Heather L. Carr (Dkt. No. 88) shall

21         be SEALED.

22   SO ORDERED this 16th day of February, 2007.

23

24   _John C. Coughenour_

25   John C. Coughenour
     United States District Judge

26   ORDER – 4