1

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

The Honorable John C. Coughenour

2

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

3

**06-CV-00641-ORD**

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

CHRISTENSEN SHIPYARDS, LTD., a
Washington corporation,

NO. 2:06-cv-00641-JCC

8

Plaintiff,

PRETRIAL ORDER

9

v.

**NOTED FOR CONSIDERATION:
AUGUST 7, 2007**

10

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a foreign
corporation; and NAVIGATORS
INSURANCE COMPANY, a foreign
corporation,

11

12

13

Defendants.

14

15

## ABBREVIATIONS USED THROUGHOUT THE ORDER

16

1.    As used herein, plaintiff Christensen Shipyards, Ltd. shall be referred to as

17

Christensen.  Defendant St. Paul Fire and Marine Insurance Company shall be referred

18

to as St. Paul.  ETW Corporation and Privacy, Ltd. shall be referred to as Intervenors.

19

Intervenors, together with Eldrick "Tiger" Woods and Elin Nordegren Woods shall

20

collectively be referred to as Woods.

21

2.    The insurance policy St. Paul issued to Christensen that is at issue in this

22

insurance coverage litigation shall be referred to as the Policy, policy number

23

384FA411.

PRETRIAL ORDER - 1
2:06-cv-00641-JCC
10650-027856 171714

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1  3.  The claims Woods asserted against Christensen in the U.S. District Court
2  for the Southern District of Florida from which this coverage litigation arises shall be
3  referred to as the Underlying Litigation.

4  4.  The contract between Christensen and Woods from which the Underlying
5  Litigation arose shall be referred to as the Yacht Contract.

6  ## JURISDICTION

7  1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)
8  because this action is between citizens of different states and the amount in controversy
9  exceeds $75,000, exclusive of interests and costs.

10  2.  This Court has personal jurisdiction over the parties because Christensen
11  is a corporation organized under and having its principal place of business within the
12  State of Washington, and St. Paul is an insurance company licensed to and transacting
13  business within the State of Washington.

14  3.  Venue is proper in the Western District of Washington pursuant to 28
15  U.S.C. § 1391(a) because the Policy was negotiated and delivered to Christensen
16  within this district, and a substantial part of the events giving rise to the claim occurred
17  in this district.

18  ## ST. PAUL'S GENERAL OBJECTIONS

19  Throughout this document, St. Paul reserves all rights to object to contentions, issues of
20  law, witnesses, and exhibits regarding bad faith and CPA claims in light of the court's
21  summary judgment rulings.

22

23

PRETRIAL ORDER - 2
2:06-cv-00641-JCC
10650-027856 171714

1    **INTERVENORS' GENERAL OBJECTIONS**

2    Intervenors understand that many, if not all, of the witnesses identified herein

3    may be asked to testify to information that is confidential pursuant to contracts and the

4    laws and Local Rules of the Southern District of Florida. Intervenors object to the

5    introduction of any such evidence unless the presentation of the evidence is sealed.

6    Intervenors contend that many of the exhibits listed herein contain highly

7    confidential information that must be maintained as such pursuant to contracts and the

8    laws and Local Rules of the Southern District of Florida. Intervenors specifically object

9    to the introduction of any such exhibit unless the presentation of the evidence is sealed.

10   Intervenors have been provided an opportunity to sign as approving entry of this

11   pretrial order but have declined to do so. The foregoing objections are derived from

12   Intervenors' comments to the most current draft of this pretrial order prior to its

13   submission to the court by the other parties.

14   **CLAIMS AND DEFENSES**

15   **A.    Christensen's claims for relief.**

16   1.    St. Paul breached the Policy in connection with the defense and

17   settlement of the Underlying Litigation.

18   2.    St. Paul's conduct in connection with the Underlying Litigation also

19   constitutes bad faith, and violates the Washington Consumer Protection Act (CPA).

20   **B.    St. Paul's defenses.**

21   1.    Christensen's claims are barred by its failure to comply with terms and

22   conditions and obligations of the Policy.

23   2.    Christensen's claims are barred by the doctrine of unclean hands;

PRETRIAL ORDER - 3
2:06-cv-00641-JCC
10650-027856 171714

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    3.    Christensen's claims are barred by the doctrine of estoppel;

2    4.    Christensen's claims are barred by the doctrine of waiver;

3    5.    Christensen's claims are barred by its own fault and/or bad faith and/or

4    their own comparative fault or comparative bad faith;

5    6.    Christensen's claims are barred by its own breach of contract;

6    7.    Christensen's claims are barred by its breach of the Cooperation Clause

7    of the Policy; and

8    8.    Christensen's claims are barred by its unilateral settlement of the

9    Underlying Litigation without consent of St. Paul.

10                         **ADMITTED FACTS**

11    The parties stipulate to the following facts:

12    1.    Christensen is a shipyard located in Vancouver, Washington.

13    2.    Christensen's business includes the construction and sale of luxury

14    yachts.

15    3.    Christensen built and sold a yacht to Woods.

16    4.    In connection with Christensen's business, St. Paul issued the Policy to

17    Christensen.

18    5.    A policy was in effect from June 1, 2002 to June 1, 2003 (policy number

19    384FA411), and was renewed for the policy periods June 1, 2003 to June 1, 2004

20    (policy number 384FA411-1) and June 1, 2004 to June 1, 2005 (policy number

21    384FA411-2).   Christensen also had an excess/umbrella insurance policy issued by

22    Navigators Insurance Company.

23

PRETRIAL ORDER - 4
2:06-cv-00641-JCC
10650-027656 171714

1    6.    Among the coverages provided by the Policy was "Personal and

2    Advertising Injury Liability" coverage, with a "Limits of Insurance" of $1,000,000 and a

3    "Defense Cost" Limit of $1,000,000.  The Policy contained a Cooperation Clause.

4    7.    On February 6, 2004, Christensen and Woods entered into the Yacht

5    Contract.   The terms of the Yacht Contract prevented Christensen from disclosing

6    certain information associating Woods with the yacht.  The Yacht Contract provided,

7    among other things, that in the event the contract was breached, the prevailing party

8    would recover its attorneys fees resulting from the breach of the contract.

9    8.    On November 4, 2004, Woods filed their first complaint against

10   Christensen, which commenced the Underlying Litigation.  In the complaint, Woods'

11   claims against Christensen included breach of contract, invasion of privacy, and

12   misappropriation of Woods' rights to publicity.  In addition to claiming alleged damages

13   of $50 million, Woods sought an injunction to have the court restrain Christensen from

14   certain conduct Woods alleged Christensen was committing in violation of Woods'

15   rights.

16   9.    On November 5, 2004, Christensen hired the Florida law firm Lott &

17   Friedland because it was necessary for Christensen to defend Woods' motion for an

18   injunction.   The attorney at Lott & Friedland who took the most active role in

19   representing Christensen was David Friedland.

20   10.    On November 9, 2004, Christensen's insurance broker, Accordia Inc.

21   wrote to St. Paul tendering the defense of the Underlying Litigation to St. Paul pursuant

22   to the Policy.

23

1  11. On November 17, 2004, St. Paul wrote to Christensen agreeing to defend
2  the Underlying Litigation subject to a Reservation of St. Paul's Rights under the Policy,
3  that causes of action based on intentional misconduct, breach of a commercial contract
4  and/or violation of certain provisions of Florida law may not be covered under the Policy.

5  12. St. Paul subsequently agreed to allow Lott & Friedland to continue
6  representing Christensen, even though St. Paul had the right under the Policy to appoint
7  different lawyers of its choice.

8  13. The representative of St. Paul who took the most active role in handling
9  Woods' claims against Christensen on behalf of St. Paul was Donna Zeller. Ms. Zeller
10  is a Unit Claim Manager who works in the Ocean Marine Division of St. Paul's Seattle
11  office.

12  14. The representative of Christensen who acted as Ms. Zeller's primary
13  contact on behalf of Christensen was its general counsel, Phillip "Casey" Marshall.

14  15. On November 23, 2004, Woods filed a first amended complaint in the
15  Underlying Litigation.

16  16. On January 13, 2006, Woods filed a second amended complaint in the
17  Underlying Litigation.

18  17. On December 8, 2004, Christensen filed a motion in the Underlying
19  Litigation to require Woods to dismiss in Florida and instead file in Washington because
20  the Yacht Contract had a venue selection clause. St. Paul agreed to Christensen's
21  request to appoint the Seattle law firm Peterson Young Putra to also defend
22  Christensen, in addition to Lott & Friedland, in expectation the Florida court would grant
23  Christensen's motion so that the Underlying Litigation would be transferred to

PRETRIAL ORDER - 6
2:06-cv-00641-JCC
10850-027856 171714

1  Washington. Peterson Young Putra took over primary handling of the case. The
2  attorney at Peterson Young Putra who took the most active role in defending
3  Christensen was Michael Wampold.

4      18.   St. Paul agreed to pay or reimburse Christensen for the charges of both
5  Lott & Friedland and Peterson Young Putra. St. Paul instructed both law firms to
6  provide St. Paul with copies of all pleadings, orders, stipulations and reports and to
7  coordinate all activity and discuss with St. Paul any actions before such actions were
8  undertaken.

9      19.   On September 23, 2005, the Florida court denied Christensen's motion to
10  dismiss for change of venue. Peterson Young Putra continued its primary role in
11  representing Christensen even though the Underlying Litigation remained pending in
12  Florida. Lott & Friedland remained involved in a secondary role.

13      20.   The Florida court required Woods and Christensen to participate in
14  mediation. The mediation was scheduled to, and did, occur on April 24, 2006 before
15  Judge Thomas Scott, a retired judge.

16      21.   On March 20, 2006, Ms. Zeller of St. Paul informed Mr. Marshall of
17  Christensen by telephone that, because some claims were covered whereas other
18  claims were not, St. Paul proposed that Christensen begin paying a portion of the
19  attorney fees and other costs associated with defense of the Underlying Litigation

20      22.   Also on March 20, 2006, Ms. Zeller requested that Michael Wampold
21  prepare a written report to St. Paul addressing each count in the Underlying Litigation
22  and the potential exposure for each count. At that time, St. Paul had paid more than

23

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1 | $450,000 in defense costs and was in receipt of unpaid invoices totaling more than

2 | $230,000 in connection with the defense of Christensen in the Underlying Litigation.

3 |     23.    On March 31, 2006, Christensen's coverage counsel, Richard Dykstra

4 | wrote a letter to Ms. Zeller regarding a summary judgment motion in the Underlying

5 | Litigation.

6 |     24.    On April 7, 2006, Mr. Wampold provided St. Paul with the requested

7 | status report regarding the strengths and weaknesses of Christensen's defenses with

8 | respect to the Underlying Litigation.

9 |     25.    On April 14, 2006, in contemplation of a mediation scheduled for April 24,

10 | 2006, Phillip Casey Marshall, Debbie Lester the claims handler from Navigators, Dan

11 | Knox counsel for Navigators, Donna Zeller, Anthony Corsale from St. Paul and James

12 | W. Carbin counsel for St. Paul, participated in a conference call and discussed, Mr.

13 | Wampold's report of April 7, 2006, strategy for trial and mediation

14 |     26.    On April 19, 2006, Ms. Zeller wrote a letter to Mr. Marshall proposing that

15 | Christensen should pay 2/3 of all defense costs on a going forward basis.

16 |     27.    Due to a medical condition, Ms. Zeller was unable to attend the mediation

17 | on April 24, 2006 on behalf of St. Paul. St. Paul instead sent Bruce Wade, another St.

18 | Paul representative who works in the Marine Department of St. Paul's Seattle office, to

19 | the mediation in Ms. Zeller's stead. The representatives attending on behalf of

20 | Christensen included Mr. Joseph Foggia (Christensen's president), Mr. Henry Luken

21 | (one of Christensen's owners), Mr. Wampold, Mr. Peterson and Mr. Friedland

22 | (Christensen's attorneys).

23 |

PRETRIAL ORDER - 8
2:06-cv-00641-JCC
10850-027856 171714

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1    28.    A mediation occurred on April 24, 2006.  At mediation, Christensen and

2 Woods signed two documents, titled Mediation Settlement Agreement and Earnest

3 Deposit Agreement. Pursuant to those documents, Christensen paid Woods a $50,000

4 non-refundable deposit.

5    29.    On April 24, 2006, Christensen's attorney wrote to Ms. Zeller requesting

6 that St. Paul fund the settlement.  St. Paul did not pay any portion of the settlement.

7 Christensen elected to settle with Woods, who received $1.6 million.

8    30.    On May 4, 2006, St. Paul commenced a lawsuit against Christensen in

9 U.S. District Court for Southern District of Florida seeking declaratory relief of its

10 obligations under the Policy.  The Florida declaratory judgment lawsuit has been stayed

11 pending the resolution of this lawsuit.

12                         **FACTUAL CONTENTIONS**

13   **A.    Christensen contends as follows:**

14   1.    After issuing its November 17, 2004 reservation of rights letter, St. Paul

15 never informed Christensen of any change in its coverage position despite changes in

16 the nature of the claims asserted by Woods.

17   2.    The allegations of Woods' second amended complaint triggered coverage

18 under an additional policy year of the Policy, which doubled the available defense costs

19 limits and indemnity limits from $1 million to $2 million.

20   3.    Christensen's defense costs would have been payable under Navigators'

21 excess/umbrella policy after exhaustion of the limits of the St. Paul Policy.

22

23

PRETRIAL ORDER - 9
2:06-cv-00641-JCC
10650-027856 171714

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1    4.    Woods sought damages from Christensen under several legal theories, all
2  of which are covered under the Policy, except the claims for breach of the Yacht
3  Contract.

4    5.    All of Woods' claims against Christensen arise out of the same core of
5  facts. There is no basis to segregate the efforts of the defense lawyers or the defense
6  costs incurred between claims that are covered and non-covered claims. Alternatively,
7  the discrete efforts and costs related to non-covered claims are nowhere near two-thirds
8  of the total costs incurred.   There is likewise no basis to segregate the damages
9  claimed by Woods or the settlement amount between covered and non-covered claims.

10    6.    The circumstances surrounding St. Paul's demand that Christensen begin
11  paying two-thirds of defense costs was unreasonable in light of (a) payment of prior
12  invoices without segregation, (b) the timing in relation to mediation, (c) the timing in
13  relation to St. Paul's promise one month earlier to provide its position within one week,
14  and (d) St. Paul's obligations under WAC 284-30-360(3).

15    7.    Mr. Wade was present during almost the entire mediation. Although he
16  was asked to step out of the room on one or more occasions, he was present during the
17  mediator's representations concerning the strengths of Woods' claims and the
18  weaknesses of Christensen's defenses, and he was made aware of all settlement offers
19  exchanged, with the possible exception of Christensen's final offer increasing from
20  $1,200,000 to $1,600,000 the amount Christensen proposed to pay Woods. During a
21  meeting on April 25, 2006, Mr. Wampold informed Mr. Wade about the contingent
22  settlement, the 48 hour period, and the perceived problems Christensen faced if the
23  case were to proceed to trial.

PRETRIAL ORDER - 10
2:06-cv-00641-JCC
10650-027856 171714

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1    8.    Mr. Wade brought $400,000 in settlement authority to the mediation, and

2  that amount never increased.  During mediation, Mr. Wade falsely represented he was

3  attempting to obtain additional authority when he was not.  Mr. Wade conditioned St.

4  Paul's contributing to any settlement upon Christensen's paying two-thirds of defense

5  costs already incurred but unpaid, and upon Christensen's waiving any coverage issues

6  against St. Paul.

7    9.    The settlement of Woods' claims asserted in the Underlying Litigation for

8  $1.6 million was reasonable.

9    10.    During the 48 hour period Christensen had to remove the contingency to

10  the Woods' settlement, Christensen secured Woods' agreement to share the draft

11  report of Woods' expert on damages with St. Paul.  St. Paul declined to review the

12  report.

13    11.    St. Paul's conduct was unreasonable, frivolous and unfounded.

14    12.    Christensen complied with all conditions under the policy.  Alternatively,

15  any non-compliance was excused by St. Paul's earlier breach and/or bad faith.

16  **B.    St. Paul contends as follows:**

17    1.    St. Paul's November 17, 2004, reservation of rights notified Christensen

18  that Woods' breach of contract claim was not covered under the Policy.

19    2.    St. Paul provided a complete defense to Christensen under a reservation of

20  rights.  St. Paul satisfied its obligations to defend Christensen under the Policy.

21    3.    Christensen breached the Policy's Cooperation Clause.  Therefore St. Paul

22  has no liability for Christensen's settlement with Woods.

23

PRETRIAL ORDER - 11

2:06-cv-00641-JCC

10850-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100

Seattle WA 98101.1374

TEL 206.623.9900  FAX 206.624.6885

1    4.    Woods' complaints alleged non-covered claims.  St. Paul is entitled to an
2  allocation of defense costs and any indemnity sums for those claims.

3    5.    Christensen's failure to cooperate includes, but is not limited, (1) its failure
4  to obtain St. Paul's agreement to significant decisions in the Underlying Litigation, (2)
5  threatening not to file a summary judgment motion; (3) failing to advise of settlement
6  opportunities; (4) colluding with defense counsel; and (5) settling the Underlying
7  Litigation without St. Paul's agreement, (6) withholding the settlement agreement from St.
8  Paul.

9    6.    Christensen agreed to a Protective Order with Woods without the consent
10  of St. Paul preventing St. Paul from obtaining information about the Underlying Litigation.

11    7.    Christensen had early opportunities to settle the *Woods* matter for an
12  apology and Woods' legal costs.  These were the same settlement terms it ultimately
13  agreed to.   Its failure to do so much earlier caused St. Paul to incur hundreds of
14  thousands of dollars in additional defense fees.

15    8.    Christensen's coverage, if any, is limited to one policy period.

16    9.    Through a March 31 letter from its coverage counsel, Christensen
17  threatened not to file a summary judgment motion unless St. Paul unconditionally agreed
18  to coverage to which it was not entitled.

19    10.    During a conference call on April 14, 2006 Christensen told St. Paul that it
20  had a strong case and Woods had no provable damages and agreed that the Underlying
21  Litigation would be tried unless it was settled for a nominal amount.

22    11.    Zeller wrote Marshall confirming the agreement St. Paul would attend the
23  mediation with only nominal authority.  Christensen never questioned Zeller's letter.

PRETRIAL ORDER - 12
2:06-cv-00641-JCC
10650-027856 171714

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1       12.    Mr. Wade attended the mediation with the settlement authority agreed to.

2  Christensen excluded Wade from the mediation and settled the matter without St. Paul's

3  consent.  This breached the Consent to Settle and Cooperation Clauses.

4       13.    After it settled with Woods, Christensen demanded St. Paul unconditionally

5  agree to fund the settlement within 48 hours.  This 48-hour window was a ploy as the

6  matter was already settled at mediation.

7       14.    Less than 3 hours before the 48 hours expired, Dykstra offered Zeller the

8  chance to review a copy of a draft damage report provided she did not consult with

9  anyone on it  and in fact never received the report.

10      15.    At all times St. Paul's conduct was reasonable and never frivolous.

11      16.    Christensen breached its obligations of good faith owed to St. Paul.  As

12  such, Christensen is not entitled to coverage for the Underlying Litigation.

13      17.    The $1.6 million settlement was for attorneys' fees, which were only

14  recoverable under the Yacht Contract due to Christensen's breaches of the Yacht

15  Contract.

16                             **ISSUES OF LAW**

17      The following are the issues of law to be determined by the Court:

18       1.    Is there sufficient evidence supporting any of Christensen's claims against

19  St. Paul to allow the jury to decide the issue?

20       2.    Is there sufficient evidence supporting any of St. Paul's defenses to defeat

21  as a matter of law any of Christensen's claims?

22       3.    As a matter of law (because no reasonable juror could find otherwise), is

23  the amount of the settlement between Woods and Christensen reasonable.

PRETRIAL ORDER - 13
2:06-cv-00641-JCC
10650-027858 171714

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1      4.      As a matter of law (because no reasonable juror could find otherwise), did

2   St. Paul breach any of its contractual duties to Christensen?

3      5.      As a matter of law (because no reasonable juror could find otherwise), did

4   St. Paul breach any of its contractual or other duties to Christensen in bad faith?

5      6.      As a matter of law (because no reasonable juror could find otherwise), did

6   St. Paul violate the CPA?

7      7.      If the Court or the jury determines St. Paul committed bad faith, is St. Paul

8   estopped as a matter of law from denying coverage for Christensen's potential liability to

9   Woods?

10     8.      If the Court or the jury determines St. Paul committed bad faith, is the

11   reasonable settlement amount the presumptive measure of Christensen's damage?  If

12   so, is the presumption rebuttable absent a determination of fraud or collusion between

13   Christensen and Woods?

14     9.      If Christensen prevails in whole or in part, what is the amount of

15   reasonable attorney fees and litigation expenses Christensen is entitled to recover

16   under Olympic Steamship Company Inc. v. Centennial Insurance Company, 117 Wn.2d

17   37, 53 (1991)?

18     10.     Did Christensen as a matter of law, breach the Policy's Cooperation and

19   Consent to Settle Clauses by settling the matter without the consent of St. Paul?

20     11.     Did Christensen as a matter of law, breach the terms of the Policy by

21   refusing to cooperate with St. Paul in one or more ways?

22     12.     Did Woods' claims trigger coverage under one or two policy years?

23

PRETRIAL ORDER - 14
2:06-cv-00641-JCC
10850-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

13.     If it is determined that Christensen committed bad faith towards St. Paul, is Christensen barred from recovering any damages?

14.     Should the defense costs incurred in the Underlying Litigation be allocated between covered and non-covered claims?   If so, who bears the burden to prove allocation?

15.     Should the settlement amount in the Underlying Litigation be allocated between covered and non-covered claims?   If so, who bears the burden to prove allocation?

16.     Is St. Paul entitled to recover its attorneys' fees due to Christensen's breach of the duty of good faith and fair dealing?

17.     If St. Paul prevails in whole or in part, is St. Paul entitled to recover its reasonable attorney fees and litigation expenses?   If so, what amount is St. Paul entitled to recover?

18.     What is the effect of Christensen's $100,000 settlement with Navigators on the amount Christensen may otherwise be entitled to recover from St. Paul?

## EXPERT WITNESSES

**A.     For Christensen:**

Richard Kilpatrick, 9 Lake Bellevue Drive, Suite 210, Bellevue, WA  98005-2491, (425) 453-8161.   Mr. Kilpatrick will testify regarding the conduct of St. Paul in connection with the handling of Woods' claim against Christensen and in relation to industry standards applicable to insurance companies in similar circumstances.

**B.     For St. Paul:**

Edward J. McKinnon, Claims Resource Management, Inc., 33345 Santiago Road

1   Acton, CA  93510, (661) 26506400.  Mr. McKinnon will testify that St. Paul abided by

2   industry standards and did not breach its obligations owed to Christensen with respect

3   to handling the claim, providing a defense to Christensen and contributing towards

4   settlement.

5                              **OTHER WITNESSES**

6          The parties stipulate that if a witness is called by one party, the other party shall

7   be entitled to fully cross-examine that witness during the other party's case-in-chief, and

8   no witness shall be recalled unless called first by the adverse party and agreeing to be

9   recalled.

10  **A.    For Christensen:**

11         1.    Philip "Casey" Marshall, c/o English, Lane, Marshall, Stahnke, 12204 SE

12  Mill Plain Boulevard, Suite 200, Vancouver, WA 98684, will testify regarding the

13  interaction between Christensen and St. Paul during the Underlying Litigation.

14         2.    Michael Wampold, c/o Peterson Young Putra, 2800 Century Square, 1501

15  Fourth Avenue, Seattle, WA  98101, will testify regarding the interaction between PYP

16  and St. Paul during the Underlying Litigation, his handling and evaluation of the

17  Underlying Litigation, the mediation, and the settlement.

18         3.    Elizabeth Chandler, c/o Peterson Young Putra, 2800 Century Square,

19  1501 Fourth Avenue, Seattle, WA  98101, may testify regarding her efforts to provide

20  St. Paul with documents from the Underlying Litigation.

21         4.    Jan Peterson, c/o Peterson Young Putra, 2800 Century Square, 1501

22  Fourth Avenue, Seattle, WA  98101, will testify regarding the interaction between PYP

23

PRETRIAL ORDER - 16
2:06-cv-00641-JCC
10660-027856 171714

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1  and St. Paul during the Underlying Litigation, his handling and evaluation of the
2  Underlying Litigation, the mediation, and the settlement.

3      5.      Joseph Foggia, c/o Christensen, 4440 SE Columbia Way, Vancouver, WA
4  98661, will testify regarding the mediation and settlement.

5      6.      Donna Zeller, c/o St. Paul, c/o James W. Carbin, Duane Morris, 744 Broad
6  Street, Suite 1200, Newark, NJ  07102-3889, will testify regarding her communications
7  with Christensen, her notations in the claim file, her evaluation and handling of the
8  claim, Christensen's attempts to obtain St. Paul's approval prior to the settlement.

9      7.      Bruce Wade, c/o St. Paul, c/o James W. Carbin, Duane Morris, 744 Broad
10 Street, Suite 1200, Newark, NJ  07102-3889, will testify regarding his communications
11 with Christensen, his notations in the claim file, the mediation, his conversations with
12 Messrs. Wampold and Peterson, his instructions concerning the mediation, his
13 evaluation and handling of the claim, and Christensen's attempts to obtain St. Paul's
14 approval prior to the settlement.

15     8.      Douglas Baldridge, c/o Venable LLP, 575 Seventh Street NW, Washington
16 DC  20004-1601, will testify in person or by deposition regarding the reasonableness of
17 the settlement, his knowledge of Christensen's efforts to obtain St. Paul's approval of
18 the settlement, Christensen's payment of the settlement, and the additional damages
19 Christensen suffered as a result of St. Paul's publication of the amount of the
20 confidential settlement in a public document.

21     9.      David Friedland, c/o Lott & Friedland, 355 Alhambra Circle, Suite 1100,
22 Coral Gables, FL 33134, will testify by deposition regarding the interaction between Lott
23 & Friedland and St. Paul during the Underlying Litigation, his handling and evaluation of

PRETRIAL ORDER - 17
2:06-cv-00641-JCC
10650-027856  171714

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1 | the Underlying Litigation, the mediation, and the settlement. **St. Paul objects to the**

2 | **proffering of this witness' testimony via deposition.**

3 | 10. Janet Moreira, c/o Lott & Friedland, 355 Alhambra Circle, Suite 1100,

4 | Coral Gables, FL 33134, may testify regarding the interaction between Lott & Friedland

5 | and St. Paul during the Underlying Litigation and her handling and evaluation of the

6 | Underlying Litigation.

7 | Christensen reserves the right to call in rebuttal any witness identified but not

8 | called by St. Paul.

9 | **B.    For St. Paul:**

10 | St. Paul reserves the right to call during its case in chief any witness identified

11 | but not called by Christensen. St. Paul expects to call the following witnesses:

12 | 1. Philip "Casey" Marshall (Philip "Casey" Marshall, c/o English, Lane,

13 | Marshall, Stahnke, 12204 SE Mill Plain Boulevard, Suite 200, Vancouver, WA 98684)

14 | will testify in person or by deposition regarding the role he played between Christensen

15 | and St. Paul during the Underlying Litigation. He will also testify regarding the role that

16 | he played in connection with coordinating with defense and coverage counsel regarding

17 | coverage under the Policy.

18 | 2. Michael Wampold (Michael Wampold, c/o Peterson Young Putra, 2800

19 | Century Square, 1501 Fourth Avenue, Seattle, WA 98101) will testify in person or by

20 | deposition regarding the interaction between his law firm and St. Paul during the

21 | Underlying Litigation, his handling and evaluation of the Underlying Litigation, the

22 | mediation and the settlement, and the role that he played in connection with

23 | coordinating with coverage counsel regarding coverage under the Policy.

PRETRIAL ORDER - 18
2:06-cv-00641-JCC
10650-027856 171714

1        3.      Jan Petersen (Jan Peterson, c/o Peterson Young Putra, 2800 Century

2    Square, 1501 Fourth Avenue, Seattle, WA 98101) will testify in person or by deposition

3    regarding the interaction between his law firm and St. Paul during the Underlying

4    Litigation, his handling and evaluation of the Underlying Litigation, the mediation and the

5    settlement, and the role that he played in connection with coordinating with coverage

6    counsel regarding coverage under the Policy.

7        4.      Joseph Foggia (Joseph Foggia, c/o Christensen, 4440 SE Columbia Way,

8    Vancouver, WA 98661) will testify in person or by deposition regarding his knowledge

9    of the facts and circumstances of the Underlying Litigation, coverage available under

10   the Policy, the mediation, the settlement and the facts and circumstances surrounding

11   the claim.  He will also testify as to the role that he played in formulating the Yacht

12   Contract and ensuring that Christensen did not breach the Yacht Contract.

13       5.      Donna Zeller (Donna Zeller c/o St. Paul, c/o James W. Carbin, Duane

14   Morris, 744 Broad Street, Suite 1200, Newark, NJ 07102-3889) will testify regarding the

15   role she played in connection with handling the claim on behalf of St. Paul and the

16   communications that she had with Christensen and its attorneys.

17       6.      Bruce Wade (Bruce Wade c/o St. Paul, c/o James W. Carbin, Duane

18   Morris, 744 Broad Street, Suite 1200, Newark, NJ 07102-3889) will testify regarding his

19   role in handling the claim, and his participation in the mediation and the settlement.

20       7.      Douglas Baldridge (Douglas Baldridge, c/o Venable LLP, 575 Seventh

21   Street NW, Washington DC   20004-1601) will testify in person or by deposition

22   regarding Christensen's breach of the Yacht Contract, the settlement, the mediation, the

23

PRETRIAL ORDER - 19
2:06-cv-00641-JCC
10850-027856 171714

1  settlement negotiations with Christensen and coordination of the final settlement
2  agreement. Mr. Baldridge is a possible witness.

3    8.    Daniel Knox (Daniel Knox c/o Schwabe Williamson & Wyatt 1211 SW
4  Fifth, Suite 1900 Portland, OR 97204-3795) will testify as to the facts and circumstances
5  regarding a telephone conference call that took place on or about April 14, 2006. Mr.
6  Knox is a possible witness only.

7    9.    Anthony Corsale (Anthony Corsale c/o St. Paul, c/o James W. Carbin,
8  Duane Morris, 744 Broad Street, Suite 1200, Newark, NJ   07102-3889) will testify
9  regarding the role he played in connection with handling the claim on behalf of St. Paul
10 and the communications that he had with Christensen and its attorneys. Mr. Corsale is
11 a possible witness only.

12   10.   David Christensen. 7000 Southeast Riverside Drive, Vancouver,
13 Washington 98664. Mr. Christensen may be called live or by deposition to testify with
14 respect to his knowledge and involvement in the Underlying Litigation, his role in
15 settlement negotiations, and his role, knowledge and involvement of the mediation and
16 settlement of that case.  **Christensen objects to St. Paul calling this witness**
17 **because he was not disclosed in St. Paul's initial disclosures and was not**
18 **included in drafts of the pre-trial order in time for Christensen to include its**
19 **objection in its motions *in limine*. If the court allows St. Paul to call this witness**
20 **over Christensen's objection, Christensen reserves the right to call him instead**
21 **during its case-in-chief.**

22
23

PRETRIAL ORDER - 20
2:06-cv-00641-JCC
10650-027856 171714

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1                                    **EXHIBITS**

2          The parties have agreed to the following convention regarding exhibit numbering.

3    Exhibits with a two digit number (1-99) are reserved for documents to which neither

4    party has an objection, and any such exhibit can be admitted without foundation the first

5    time such document is published to the jury by either party.  Exhibits with a three digit

6    number beginning with "1" (100-199) are reserved as Christensen's proposed exhibits.

7    Exhibits with a three digit number beginning with "2" (200-299) are reserved as St.

8    Paul's proposed exhibits.  As to Exhibits 100-299, the basis of any objection has been

9    noted in the following table of exhibits.  Each party reserves the right to offer into

10   evidence any exhibit identified by the other party.  By designating a document as an

11   exhibit, that party waives all objections except relevance.

12          In some instances, a document has been produced from multiple sources, as

13   indicated by the "bates" number designation assigned it by the producing party, or a

14   copy has been marked as a deposition exhibit.  Where possible, the parties have

15   designated the most complete and legible version of a document as the exhibit, but

16   have included in the table below other references to the same or substantially similar

17   document produced from alternative sources, to facilitate, for example, the ability to

18   represent to a witness that the document referred to exists in files maintained by that

19   witness, or is functionally identical to a document marked as an exhibit to that witness'

20   deposition.   Both parties shall instruct their respective witnesses to accept those

21   representations and answer questions regarding exhibits accordingly.

22          The Exhibit lists have been prepared following the exchange of multiple drafts

23   between the parties, on which exhibit numbers have been changed. In the event that an

PRETRIAL ORDER - 21
2:06-cv-00641-JCC
10650-027856 171714

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101 1374
TEL 206.623.9900  FAX 206.624.6885

exhibit was originally designated for inclusion as a trial exhibit, but inadvertently omitted

from the following lists, no party will object on the basis of its late omission to the trial

exhibit list.  All other objections with respect to any such document are reserved.

**A.**   **Exhibits submitted jointly:**

| New No. | Date | Description | Bates/Other Reference |
|---|---|---|---|
| 1. | Various | St. Paul Policy | SP   - |
| 2. | 2004/02/06 | Relevant portions of Yacht Contract | SFC-PYP 000003,6, 16, 18-22; Wampold Dep. Ex. 64 |
| 3. | Various | St. Paul claim notes | STP 1602-12 |
| 4. | 2004/02/19 | Memo from Foggia to employees | Foggia Dep. Ex. 108 |
| 5. | 2004/03/24 | Interoffice memorandum from Foggia to all Christensen employees | Foggia Dep. Ex. 89 |
| 6. | 2004/07/26 | Email from Hubman to Joe Foggia | Foggia Dep. 111 |
| 7. | 2004/11/08 | Email from Foggia to Marshall | Foggia Dep. Ex. 94 |
| 8. | 2004/11/09 | Letter from Acordia on behalf of Christensen to St. Paul, with attachments | STP 634-94 |
| 9. | 2004/11/12 | Email from Zeller to Marshall | Zeller Dep. Ex. 13 |
| 10. | 2004/11/12 | Email from Marshall to Foggia and from Zeller to Marshall | Foggia Dep. Ex. 91 |
| 11. | 2004/11/15 | Email string between Foggia and Marshall | Foggia Dep. Ex. 95 |
| 12. | 2004/11/15 | Memorandum to file from Marshall | Marshall Dep. Ex. 113 |
| 13. | 2004/11/17 | Letter from St. Paul to Christensen | STP 1596-97 |
| 14. | 2004/11/17 | Email from Lott to Marshall | Marshall Dep. Ex. 114 |
| 15. | 2004/11/24 | Letter from Zeller to Lott & Friedland | STP 583, Foggia Dep. Ex. 92 |
| 16. | 2004/11/30 | Letter from Marshall to Zeller, with attachment of First Amended Complaint from the Underlying Litigation | STP 581-582, 584-623 |
| 17. | 2004/12/13 | Retainer Agreement Peterson Young Putra | Zeller Dep. Ex. 16 |
| 18. | 2005/01/04 | Protective Order | Baldridge Dep. Ex. 127 |
| 19. | 2005/01/19 | Letter from Marshall to Zeller | STP 379-80 |
| 20. | 2005/02/01 | Email string between Christensen and its counsel | PM 224-226, Wampold Dep. Ex. 66, Foggia Dep. Ex. 96 |
| 21. | 2005/02/05 | Letter from Marshall to Zeller | STP 375-376 |

PRETRIAL ORDER - 22

2:06-cv-00641-JCC

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100

Seattle WA 98101.1374

TEL 206.623.9900  FAX 206.624.6885

| New No. | Date | Description | Bates/Other Reference |
|---|---|---|---|
| 22. | 2005/02/18 | Email string between Marshall, Foggia, Friedland | Wampold Dep. Ex. 67 |
| 23. | 2005/02/23 | Fax cover sheet from Marshall to Wampold enclosing letter from Zeller to Friedland | Wampold Dep. Ex. 68 |
| 24. | 2005/09/26 | Fax from Marshall's assistant to Zeller, with attachment of Order | STP 234-261 |
| 25. | 2005/11/15 | Letter from Lane to Peterson with attached policy provisions and declarations page | Peterson Dep. Ex. 162 |
| 26. | 2005/12/08 | Email string between Marshall and Foggia | Wampold Dep. Ex. 70 |
| 27. | 2005/12/08 | Email string between Marshall and Foggia | Foggia Dep. Ex. 97 |
| 28. | 2005/12/09 | Email from Marshall to Wampold | Wampold Dep. Ex. 71 |
| 29. | 2005/12/12 | Email string between Peterson and Marshall | Peterson Dep. Ex. 161, Foggia Dep. Ex. 98 |
| 30. | 2006/01/13 | Second Amended Complaint from the Underlying Action | STP 77-111 |
| 31. | 2006/02/01 | Answer to Second Amended Complaint | STP 498-512 |
| 32. | 2006/03/01 | Email from Peterson to Wampold | Wampold Dep. Ex. 72, |
| 33. | 2006/03/08 | Email string between Christensen's counsel and from Wampold to Zeller | STP 24-26 |
| 34. | 2006/03/16 | E-mail from Foggia to Wampold | Wampold Dep. Ex. 81 |
| 35. | 2006/03/20 | Letter from Zeller to Wampold | Wampold Dep. Ex. 73 |
| 36. | 2006/03/26 | Email string between Foggia and Friedland | Peterson Dep. Ex. 164 |
| 37. | 2006/03/27 | Email string between Joe Foggia and Christensen's counsel | PM 92-93, Wampold Dep. Ex. 75 |
| 38. | 2006/03/28 | Email string between Marshall and Foggia | Foggia Dep. Ex. 102, Wampold Dep. Ex. 75, Peterson Dep. Ex. 166 |
| 39. | 2006/03/28 | Email string between Marshall and Wampold | Foggia Dep. Ex. 103 |
| 40. | 2006/03/28 | Email proposal from Foggia to Hubman | Marshall Dep. Ex. 119 |
| 41. | 2006/03/31 | Letter from Dykstra to Zeller | Zeller Dep. Ex. 31 |
| 42. | 2006/04/01 | Email from Foggia to Hubman | Foggia Dep. Ex. 104 |
| 43. | 2006/04/03 | Email from Zeller to Wampold and Dykstra | Wampold Dep. Ex. 76 |
| 44. | 2006/04/04 | Plaintiff's Motion for Partial Summary Judgment | Baldridge Dep. Ex. 122 |

PRETRIAL ORDER - 23

2:06-cv-00641-JCC

10650-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100

Seattle WA 98101.1374

TEL 206.623.9900 FAX 206.624.6885

| New No. | Date | Description | Bates/Other Reference |
|---|---|---|---|
| 45. | 2006/04/04 | Plaintiff's Memorandum of Law In Support of their Motion for Partial Summary Judgment | Baldridge Dep. Ex. 123 |
| 46. | 2006/04/04 | Email from Marshall to Foggia | Foggia Dep. Ex. 105 |
| 47. | 2006/04/07 | Letter from Wampold to Zeller | Zeller Dep. Ex. 35, Wampold Dep. Ex. 63 |
| 48. | 2006/04/12 | Email from Zeller to Lester | Lester Dep. Ex. 49 |
| 49. | 2006/04/17 | Letter from Zeller to Marshall | Wampold Dep. Ex. 77, Marshall Dep. Ex. 120 |
| 50. | 2006/04/19 | Letter from Zeller to Marshall | STP 1573-74 (include enclosed invoices), Zeller Dep. Ex. 29 |
| 51. | 2006/04/19 | Email from Foggia to Wampold | Foggia Ex. 106 |
| 52. | 2006/04/21 | Christensen's Opposition To Plaintiff's Motion For Summary Judgment | Wampold Dep. Ex. 83 |
| 53. | 2006/04/23 | Wampold notes regarding summary judgment response | Wampold Ex. 78 |
| 54. | 2006/04/24 | Letter from Dykstra to Zeller | Zeller Dep. Exs. 30 and 39, STP 1589-94 |
| 55. | 2006/04/24 | Handwritten notes | Wampold Dep. Ex. 80 |
| 56. | 2006/04/25 | Email string between Christensen's attorneys and Baldridge | Baldridge 8-12, Baldridge Dep. Ex. 128 |
| 57. | 2006/04/26 | Email from Dykstra to Zeller | STP 740, Zeller Dep. Ex. 32 |
| 58. | 2006/04/26 | Email from Wampold to Marshall, Foggia, Peterson, and Rosato | SFC-PYP 19932, Wampold Dep. Ex. 86 |
| 59. | 2006/04/26 | Email string between Foggia and Peterson | Foggia Dep. Ex. 107 |
| 60. | 2006/04/26 | Email from Peterson to Baldridge | Baldridge Dep. Ex. 130 |
| 61. | 2006/04/26 | Email string between Baldridge and Peterson | Baldridge Dep. Ex. 131 |
| 62. | 2006/04/27 | Settlement Agreement and Release | Baldridge 67-73 |

**B.    Exhibits proposed by Christensen:**

| New No. | Date | Description | Bates/Other Reference | OBJECTION |
|---|---|---|---|---|
| 100. | 2004/11/04 | 11/17/04 Notes | LF 11123 | Hearsay, foundation authenticity |
| 101. | 2004/11/22 | Record of conversation | LF 11116 | Hearsay, foundation Attorney client privilege |

PRETRIAL ORDER - 24

2:06-cv-00641-JCC

10650-027856  171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

801 Union Street, Suite 3100

Seattle WA 98101.1374

TEL 206.623.9900  FAX 206.624.6885

| New No. | Date | Description | Bates/Other Reference | OBJECTION |
|---|---|---|---|---|
| 102. | Undated | Record of Conversation | LF 11095 | Hearsay, foundation authenticity |
| 103. | | Undated Notes | LF 11109 | Hearsay, foundation authenticity |
| 104. | 2004/12/02 | Conversation Record | LF 11097 | Hearsay, foundation authenticity |
| 105. | 2004/12/13 | Letter from Zeller to Lester, with attachments including 12/9/04 fax from Marshall to Zeller, 12/8/04 fax from Marshall to Zeller, and 12/7/04 fax from Marshall to Zeller | STP 561-579 | FRE 401, 402, 403 |
| 106. | 2004/12/29 | Letter from Zeller to Lester | STP 559 | FRE 401, 402, 403 |
| 107. | 2005/01/05 | Letter from Zeller to Lester, with attachments including 1/19/05 letter from Marshall to Zeller | STP 377-381 | FRE 401, 402, 403 |
| 108. | 2006/03/20 | File memorandum | PM 634-36 | Hearsay, cumulative, improper to submit partial document |
| 109. | 2006/03/20 | Email from Zeller to Corsale, copied to Carbin | STP 1613 | Hearsay, cumulative, privileged |
| 110. | 2006/04/06 | Email from Zeller to Corsale and Carbin | STP 1570 | Hearsay, cumulative, privileged |
| 111. | 2006/04/24 | Wade mediation notes | STP 1616-27 | Mediation Privilege; FRE 401, 402, FRE 403 FRE 408, hearsay, cumulative, FRE 408 |
| 112. | 2006/04/24 | Wampold mediation notes | SFC-PYP 19926-19928, 19931, Wampold Dep. Exs.79 | Hearsay, Foundation, FRE 402, FRE 403 |
| 113. | 2006/04/24 | Peterson mediation notes | SFC-PYP 33055-56 | Hearsay, Foundation, FRE 402, FRE 403 |

PRETRIAL ORDER - 25

2:06-cv-00641-JCC

10650-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

| New No. | Date | Description | Bates/Other Reference | OBJECTION |
|---|---|---|---|---|
| 114. | 2006/04/27 | Peterson notes entitled "St. Paul v. Christensen" | SFC-PYP 19989-19992 | Hearsay, cumulative, FRE 401, FRE 402 FRE 403 |
| 115. | 2006/04/26 | Email from Friedland to Zeller | Zeller Dep., Ex. 40 | Hearsay, cumulative, relevance, FRE 402 FRE 403 |
| 116. | 2006/05/01 | Complaint from St. Paul's declaratory judgment action against Christensen | Dkt. No. 10, Ex. B | Relevance; FRE 401, 402 |
| 117. | Undated | Internet articles | SFC 1-8 | Authenticity, hearsay, FRE 403, improper opinion testimony |
| 118. | Undated | St. Paul employee code of conduct | Zeller Dep., Ex. 4 | Relevance; FRE 401-2 |
| 119. | Undated | St. Paul code of business conduct and ethics | Zeller Dep., Ex. 5 | Relevance; FRE 401-2 |
| 120. | 2006/04/04 | Christensen's motion for summary judgment dismissal | SFC-PYP 014273-297 | Foundation |
| 121. | 2006/04/25 | Order denying Christensen motion to exclude damages | SFC-PYP 013800-802 | Relevance |

## C.   Exhibits proposed by St. Paul:

| New No. | Date | Description | Bates/Other Reference | OBJECTION |
|---|---|---|---|---|
| 200. | 2004/02/10 | Email from Foggia to Dykman | Foggia Dep. Ex. 90; SFC-PYP007764 | Relevance, other objections reserved pending review of unredacted documents |
| 201. | 2004/11/08 | Email from Casey Marshall to Joe Foggia | Foggia Dep. Ex. 93; PM0178 | Duplicates 141, which includes one additional email |
| 202. | 2004/11/11 | Excerpts from Donna Zeller's Notes | Zeller Dep. Ex. 10; STP 1602-1612 | Duplicates Ex. 37 |

PRETRIAL ORDER - 26

2:06-cv-00641-JCC

10650-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

| New No. | Date | Description | Bates/Other Reference | OBJECTION |
|---|---|---|---|---|
| 203. | 2005/01/11 | Emails to and from Donna Zeller from Christensen, Dean Anderson | Zeller Dep. Ex. 19; STP 5585 | None |
| 204. | 2005/11/23 | Email string between Wampold and Marshall | Wampold Dep. Ex. 69 | Relevance, privilege |
| 205. | 2006/02/13 | Peterson Young Putra bills | Wampold Dep. Ex. 82; SFC-PYP009479-009498 | Incomplete, relevance |
| 206. | 2006/03/31 | Email from Rosato to Dykstra | Peterson Dep. Ex. 170; PM 002990-002991 | Relevance, privilege, see motions in limine |
| 207. | 2006/04/12 | Email from Zeller to Lester | Lester Dep. Ex. 49; NAV 00179 | Foundation, hearsay |
| 208. | 2006/04/30 | Lott & Friedland invoices | Friedland Dep. Ex. 160 | Relevance |
| 209. | 2006/05/12 | Letter from Zeller to Dykstra | Zeller Dep. Ex. 38; sfc 00039-00078 | Relevance |
| 210. | 0000/00/00 | Lester notes | Lester Dep. Ex. 50; NAV 00180-00181 | Foundation, hearsay |
| 211. | Various | Donna Zeller's billing file | Zeller Dep. Ex. 42; SP-CB 0001-0255 | Relevance |
| 212. | Various | Checks | STP 1628-1649 | Relevance, see motions in limine |
| 213. | 2005/11/29 | Deposition Transcript Jill Bobrow, Woods v. Christensen | SFC-PYP11596-11651 | Hearsay, even if testimony is admissible, transcript is improper exhibit |
| 214. | 2005/12/01 | Deposition Transcript of Rebecca Cahilly, Woods v. Christensen | SFC-PYP024551-024640 | Hearsay, even if testimony is admissible, transcript is improper exhibit |
| 215. | 2006/03/06 | Deposition Transcript John Lance, Woods v. Christensen | STP 0929-1069; SFC-PYP 7936-80376 | Hearsay, even if testimony is admissible, transcript is improper exhibit |

PRETRIAL ORDER - 27

2:06-cv-00641-JCC

10650-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100

Seattle WA 98101.1374

TEL 206.623.9900 FAX 206.624.6885

| New No. | Date | Description | Bates/Other Reference | OBJECTION |
|---|---|---|---|---|
| 216. | 2006/03/07 | Deposition Transcript Robert Emerson, Woods v. Emerson | STP 1234-1304;SFC-PYP 26004-26141 | Hearsay, even if testimony is admissible, transcript is improper exhibit |
| 217. | 2006/03/09 | Dep. Transcript Joseph Foggia, Woods v. Christensen | STP 0072-1198;SFC-PYP 7642-7736 | Hearsay, even if testimony is admissible, transcript is improper exhibit |
| 218. | 2007/04/24 | Deposition Transcript of Dave Christensen, Christensen v. St. Paul | Unnumbered | Hearsay, even if testimony is admissible, transcript is improper exhibit |

## ACTION BY THE COURT

This case is scheduled for trial before a jury commencing August 14, 2007. Each party shall have ___ days to present its portion of the case, including the time allotted for *voir dire*, opening statements and closing arguments, and direct and cross-examination by the attorneys for that party.

Trial briefs, jury instructions, and proposed *voir dire* questions shall be submitted to the Court on or before August 10, 2007.

The Court has made certain rulings on the parties' respective summary judgment motions, and will address rulings on the parties' motions *in limine* by separate minute order.

This order has been approved by the parties as evidenced by the signatures of their respective attorneys of record. This order shall govern the subsequent course of the action unless modified by subsequent order. This order shall not be amended except by order of the Court upon stipulation of the parties or to prevent manifest injustice.

PRETRIAL ORDER - 28

2:06-cv-00641-JCC

10550-027856 171714

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1     DATED this 17 day of August, 2007.

2

3                                _____
                                 John C. Coughenour
4                                UNITED STATES DISTRICT JUDGE

5

6     Approved for entry by:

7     STAFFORD FREY COOPER

8
      By:   /s/ Kenneth Hobbs via ECF
9           A. Richard Dykstra, WSBA #5114
            Kenneth Hobbs, WSBA #15309
10          Heather L. Carr, WSBA #29780
      Attorneys for Plaintiff Christensen Shipyards, Ltd.

11

12

13    LANE POWELL, PC

14
      By:   /s/ Charles C. Huber via ECF (by KH per authorization)
15          Charles C. Huber, WSBA # ____
      Attorneys for Defendant St. Paul Fire & Marine Ins. Co.

16

17

18

19

20

21

22

23

PRETRIAL ORDER - 29

2:06-cv-00641-JCC

10650-027856 171714

1

Certificate of Service

2

    I certify that on the date noted below I electronically filed this document entitled

3

PRETRIAL ORDER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

4

5

James W. Carbin
JWCarbin@duanemorris.com

Charles C. Huber
huberC@lanepowell.com
Lane Powell, PC

6

Duane Morris, LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889

1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

7

(973) 424-2035
FAX: (973) 424-2001

(206) 223-7000
FAX: (206) 223-7107

8

    *Attorneys for Defendant St. Paul*
*Fire and Marine Insurance Co.*

    *Attorneys for Defendant St. Paul*
*Fire and Marine Ins. Co.*

9

Daniel F. Knox, 78278
dknox@schwabe.com

Douglas Baldridge
jdbaldridge@venable.com
Venable, LLP

10

Schwabe, Williamson & Wyatt
1211 SW Fifth, Suite 1900
Portland, OR 97204-3795

575 Seventh Street NW
Washington DC 20004-1601

11

(503) 222-9981
FAX: (503) 796-2900

(202) 344-4703
FAX: (202) 344-8300

12

    *Attorneys for Defendant Navigators*
*Insurance Company*

    *Attorneys for ETW, Inc. and*
*Privacy, Ltd.*

13

14

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:

15

16

[ ]  Via Facsimile
[ ]  Via First Class Mail
[ ]  Via Messenger

17

    DATED this 7th day of August, _2007_, at Seattle, Washington.

18

19

/s/ Kenneth Hobbs via ECF

20

21

22

23

PRETRIAL ORDER - 30

2:06-cv-00641-JCC

10650-027856 171714

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885