The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CHRISTENSEN SHIPYARDS, LTD., a Washington corporation,

Plaintiff,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a foreign corporation; and NAVIGATORS INSURANCE COMPANY, a foreign corporation,

Defendants.

NO. 2:06-cv-00641-JCC

CHRISTENSEN'S FIRST OFFER OF PROOF

Christensen submits the following offer of proof regarding evidentiary issues that have been raised and which are anticipated during presentation of Christensen's case.

**A. <u>St. Paul's delay in responding to insured's request regarding fee split</u>.**

During examination of Donna Zeller, the court sustained objections to this line of questioning as having already been addressed by the court's summary judgment ruling. *See attached excerpt from trial transcript.* The court's July 13, 2007 order (*Dkt. No. 211*) does state:

> Under these circumstances, a delay of less than one month in providing the requested written proposal of the attorneys' fees arrangement is "reasonably prompt" under the relevant WAC regulation, and thus dose not constitute *per se* bad faith.



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

*Dkt. No. 211 at p. 13.* However, the context of the court's decision on this issue was in addressing ***plaintiff's*** motion for summary judgment seeking to establish that the evidence (which is undisputed as to what occurred) violated WAC 284-30-330(2) ***as a matter of law***. Thus, in denying plaintiff's motion, the limit of the court's ruling is to determine that the evidence presents an issue ***for the jury*** regarding compliance with the Regulation. The court has already clarified that while the court itself expresses doubt regarding the sufficiency of plaintiff's evidence, the summary judgment order does not ***dismiss*** claims other than those specifically addressed as dismissed during the court's discussion of defendant's summary judgment motion. It is therefore proper for the jury to consider the evidence. Moreover, even if the court intended to eliminate the issue as to applicability of the regulation for purpose of establishing a *per se* violation, the evidence is also relevant on the issue of an insurer's general duty of good faith, which "requires an insurer to deal fairly with its insured, and to give equal consideration to its insured's interest and its own interests." *Tank v. State Farm Fire & Cas. Co.*, 136 Wn.2d 214, 961 P.2d 358, 385-86 (1998); WPI 320.02. In a reservation of rights context, an insurer also has a duty to fully inform the insured of all developments affecting coverage, *Industrial Indem. Co. of the NW v. Kallevig*, 114 Wn.2d 907, 916-917, 792 P.2d 520 (1990), WPI 320.03; and the explanation for the delay that "I was busy" goes to the issue of whether the delay was unreasonable, unfounded, or frivolous. WPI 320.01.

**B. <u>Adequacy of reservation of rights letter</u>.**

Again, in its summary judgment order the court ruled that the letter was adequate to place Christensen on notice regarding St. Paul's position that Woods' breach of



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

contract claims were excluded under the policy. However, the context of the ruling was again ***denying Christensen's motion, not granting St. Paul's***. Moreover, Christensen has never argued that the letter was inadequate as to the breach of contract exclusion. However, the jury should be entitled to consider whether other aspects of the reservation of rights letter are inadequate and therefore estop St. Paul from raising coverage issues it later asserted, which it knew or should have known but failed to address at the time of its initial letter.

The first issue is the adequacy of the letter regarding St. Paul's position on other potential policy exclusions, referred to in the letter as "intentionally undertaken for commercial purposes" and "violation of Florida law." Although Ms. Zeller begrudgingly conceded during her testimony that the policy language to which she was referring did not apply to the "intentional act" issue, and that the only Florida statute referred to in Woods' complaint did not meet the definition of a "penal statute" within the meaning of the policy, those issues were never made clear to Christensen during the Underlying Litigation. Then when St. Paul finally proposed to split fees 2/3 Christensen and 1/3 St. Paul on April 19, 2006 (Ex. 50), she did not refer to the breach of contract claim, but instead stated "a majority of the counts listed [in the second amended complaint] would not be covered under the subject policy.

The second issue is the effect of what is not in the reservation of rights letter but should be, and what developments arose for which St. Paul should have issued a new or revised reservation of rights. For example, whether a second year of policy coverage was triggered by the second amended complaint, and whether St. Paul may now rely on an exclusion that the injury alleged arose out of a "first publication before the beginning



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

of the policy period." Although Christensen believes the issue of whether there is in fact coverage for one or two policy years, the issue of estoppel to deny coverage is for the jury.

**C. Scope of Kilpatrick expert testimony.**

St. Paul is expected to argue that Christensen's expert Richard Kilpatrick should not be entitled to testify regarding issues of Christensen's conduct under the policy's cooperation clause, because his expert disclosure does not identify those issues.[1] The exchange of expert disclosures was simultaneous in this case and occurred on May 21, 2007. Until then, Mr. Kilpatrick had no way of knowing what specific conduct of Christensen St. Paul criticized. St. Paul has now had an opportunity to depose Mr. Kilpatrick and discover the basis for all his opinions. In light of the leeway the court has extended St. Paul by being allowed to call witnesses not timely or adequately disclosed, at a minimum, Mr. Kilpatrick should be entitled to rebut any opinions disclosed in the report or deposition of St. Paul's expert, if necessary, by recalling him as a rebuttal witness after St. Paul's expert testifies.

DATED this 16th day of August, 2007.

STAFFORD FREY COOPER

By: ______________________________

A. Richard Dykstra, WSBA #5114
Kenneth Hobbs, WSBA #15309
Heather L. Carr, WSBA #29780
Attorneys for Plaintiff Christensen Shipyards, Ltd.

---

[1] Due to confusion regarding the impact of the court's summary judgment ruling, Mr. Kilpatrick's deposition originally scheduled for August 1 was cancelled, and was not rescheduled and completed until after 10 pm on August 15, following trial proceedings that day. Accordingly, a transcript of the deposition is not yet available. The deposition of St. Paul's expert, Edward McKinnon, is now scheduled for Sunday, August 19.





PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Certificate of Service

I certify that on the date noted below I electronically filed this document entitled CHRISTENSEN'S FIRST OFFER OF PROOF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

James W. Carbin
JWCarbin@duanemorris.com
Duane Morris, LLP
744 Broad Street, Suite 1200
Newark, NJ 07102-3889
(973) 424-2035
FAX: (973) 424-2001
*Attorneys for Defendant St. Paul Fire and Marine Insurance Co.*

Charles C. Huber
huberC@lanepowell.com
Lane Powell, PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
(206) 223-7265
FAX: (206) 223-7107
*Attorneys for Defendant St. Paul Fire and Marine Ins. Co.*

and I certify that I have caused to be served in the manner noted below a copy of the above-listed document to the following non CM/ECF participants:

[ ] Via Facsimile
[ ] Via First Class Mail
[ ] Via Messenger

DATED this 16th day of August, 2007, at Seattle, Washington.

/s/ Kenneth Hobbs via ECF



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885